might have incurred a responsibility in some other form, for the fraud of a partner.

ROBERTSON, J., also dissented.

JACKSON a. MERRITT.

*Supreme Court, First District ; Special Term, April*, 1860.

ARBITRATION.—UMPIRE.

A submission to arbitration submitted the controversy to two arbitrators, with authority " to select a third party not interested," &c., " to decide any point of disagreement between them, whose decision shall be final."

*Held*, that in case of a disagreement, it was essential to the validity of the award that it should be signed by the umpire selected.

Motion to confirm an award.

The parties in this case agreed to submit their matters in dispute to the arbitrament of two gentlemen, with authority " to select a third party, not interested in the ice business, to decide any point of disagreement between them, whose decision shall be final."

The two arbitrators named in the submission afterwards executed an award, in which it is stated that they " have, by the appointment of Mr. Geo. Harris, as third and final arbitrator, decided," &c.  The " third arbitrator" did not sign the award, and it appeared by affidavit, as well as by the face of the award, that he actually acted in the matter, and that the decision which was signed by the two arbitrators named in the submission, was made upon the judgment or decision which the " third party" made upon the case.

The party selected as third man was not sworn, nor did he hear the proofs and allegations of the parties.

LEONARD, J.—It is quite evident, that the article of submission contemplates the final decision of a " third party" only, in

case the two named as arbitrators should disagree. If they disagree, it is the decision of the other man selected which is to finally control. The signatures of the other two arbitrators to the award are not of the least consequence, after a disagreement between them and the selection of a "third party." The execution of the award by them with the "third party" would not vitiate it—it would be surplusage. But the signature of the third party is essential, and without it there is no award, within the terms of the submission.

This view is supported by the case of The Mayor, &c., of New York a. Butler (1 *Barb.*, 333).

The award which is signed purports to be the report of a decision which has been made in the matter by a "third party," who does not himself vouch for the decision.

The award made is void. There is nothing to be confirmed, and nothing to vacate. There is no legal award.

---

### TRINITY CHURCH a. COOK.

*Supreme Court, First District; Special Term, December*, 1860.

ASSESSMENT.—LEASE.—COVENANT TO PAY ASSESSMENT.

Under a lease providing that the lessee shall bear all assessments imposed on the premises during the term, if a part of the premises are taken for a public improvement, and damages therefor assessed to the owner and to the lessee respectively, for their interests, the assessment for benefit laid upon the residue of the premises must be borne wholly by the lessee.

Demurrer to answer.

The action was brought by the lessors of premises in the city of New York, to recover from the assignee of the lessee an assessment which the lessors had been compelled to pay.

This complaint alleged, that on April 21, 1852, the plaintiffs, by indenture of lease, demised to one Schwartz a lot of land on